**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Stephen M. Bressler** (State Bar No. 009032)
Direct Dial: 602.262.5376
Direct Fax: 602.734.3742
Email: sbressler@lrrc.com
**Adam Reich** (State Bar No. 028843)
Direct Dial: 602.262.5720
Direct Fax: 602.262.5747
Email: areich@lrrc.com

Attorneys for Ushio America, Inc. and Christopher Atkinson

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Leashore, individually,<br><br>                    Plaintiff,<br><br>vs.<br><br>Ushio America, Inc., a foreign corporation; Christopher Atkinson, an individual; John Does 1-5; Jane Does 1-5; Black Corporations 1-5; and White Partnerships 1-5,<br><br>                    Defendants. | Case No. _____<br><br>**DEFENDANTS USHIO AMERICA, INC. AND CHRISTOPHER ATKINSON'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendants Ushio America, Inc. ("Ushio") and Christopher Atkinson ("Atkinson") (collectively "Defendants") remove this action from the Superior Court of Arizona, County of Maricopa to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and LRCiv 3.6.  This Court has diversity jurisdiction.

**I.     Introduction**

This lawsuit arises out of an accident that occurred on March 6, 2018.  (Exhibit A, First Amended Complaint ("FAC") at ¶ 9.)  Plaintiff alleges he was driving when another vehicle entered his lane, striking his vehicle.  (*Id.*)  That vehicle left the scene "without speaking to Plaintiff, witnesses, or the police." (*Id.*).  Plaintiff alleges, upon information and belief, that the unidentified vehicle was operated by Atkinson.  (*Id.* at

¶ 10.) Plaintiff also alleges he sustained unspecified injuries as a result of the accident. (*Id.* at ¶ 11.)

Plaintiff filed suit against Defendants in Maricopa County Superior Court, Case No. CV 2019-003020 on April 4, 2019. (*Id.*) Plaintiff served the suit papers on April 9. (*See* Exhibit A, State Court File, Notice of Completion of Service.)

Plaintiff alleges four causes of action against the Defendants: (1) negligence (Exhibit A, FAC at ¶¶ 8-11); (2) negligence *per se*, (*id.* at ¶¶ 12-14); (3) negligent entrustment/hiring/retention (*id.* at ¶¶ 15-19); and (4) vicarious liability (*id.* at ¶¶ 20–24.) Pursuant to these claims, Plaintiff seeks to recover: (1) general and special damages (2) past and future medical care and treatment, (3) property damages; (4) past and future lost wages, and (5) costs. (*Id.* at Prayer.) Plaintiff alleges in his FAC that his claims qualify for Tier 3 discovery under the Arizona Rules of Civil Procedure. (*Id.* at Statement of Tier Value). In doing so, Plaintiff avowed to the Maricopa County Superior Court that he was seeking damages in excess of $300,000. Ariz. R. Civ. P. 26.2(c). Defendants have not yet responded to Plaintiff's FAC.

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.

**II.   This Court Has Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.**

    **A.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.**

Diversity jurisdiction exists where: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Thus, this action may be removed pursuant to 28 U.S.C. § 1441.

    **B.   There is Complete Diversity of Citizenship Between All Parties.**

There is complete diversity between the parties to this action. The FAC alleges that Plaintiff resides in Maricopa County, Arizona. (Exhibit A, FAC at ¶ 1.) Upon

information and belief, Plaintiff is a citizen of the State of Arizona. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (an individual is a citizen where domiciled). Ushio is a corporation incorporated in the State of California with its principal place of business in California. (Exhibit A, FAC at ¶ 2 (noting Ushio is a "foreign corporation").) Therefore, Ushio is a citizen of California. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("'[P]rincipal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). Defendant Christopher Atkinson is a resident of the State of California and is, therefore, a citizen of California. *Lew*, 797 F.2d at 749.[1]

### C.   The Amount In Controversy Exceeds $75,000.

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy includes "any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant. *Gonzales v. CarMax Auto Superstores,* LLC, 840 F.3d 644, 648 (9th Cir 2016) (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). This includes, among other things, potential compensatory or punitive damages. *Id.* at 648–49.

A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation.[2] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554

---

[1] Plaintiff also includes various fictitious defendants in his FAC. "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1).

[2] The amount in controversy is "not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Brill v Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is *in controversy* in the

3

(2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

The amount in controversy exceeds $75,000. While Plaintiff has not stated a specific dollar amount associated with his claims, he affirmatively asserted that his claim qualifies for Tier 3 discovery under the Arizona Rules of Civil Procedure. (Exhibit A, FAC at Statement of Tier Value.) To qualify for Tier 3, the damages sought must exceed $300,000. Ariz. R. Civ. P. 26.2(c). This is also consistent with Plaintiff's Certificate of Compulsory Arbitration, in which he affirmatively asserted that the value of the actual, consequential, and punitive damages he seeks exceeds $50,000. (Exhibit A, State Court File, Certificate of Compulsory Arbitration); *see also* Maricopa County Local Rule 3.10(a) (providing for compulsory arbitration if "the amount in controversy does not exceed $50,000").

Regardless of whether Plaintiff's claim warrants damages over $75,000, Plaintiff has avowed he is seeking well in excess of that amount. Defendants, therefore, removes this cause based on diversity jurisdiction because all of the information presents a "plausible allegation" that the amount in controversy exceeds $75,000. *See Dart*, 135 S. Ct. at 554.

**III. The Procedural Requirements For Removal Are Satisfied**

**A. This Removal is Timely and Venue is Proper in this Court**

On April 4, 2019, Plaintiff commenced this action in the Superior Court of the State of Arizona, Maricopa County, Case No. CV2019-003020. (*See* Exhibit A, State Court File.) Ushio was served on April 9, 2019. (*See* Exhibit A, Notice of Completion of Service.) Undersigned counsel accepted service on Atkinson's behalf on May 7, 2019. Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of service of the Complaint and summons on the removing defendant. Because

---

case, not how much the plaintiffs are ultimately likely to recover."). Defendants expressly reserve the right to deny liability and assert all defenses to Plaintiff's substantive claims, as well as to contest the amount of his alleged damages.

4

108011434.1

Defendants are filing this Notice on May 7, 2019, removal is timely.

**B.     A Copy Of The State Court Record Is Attached.**

Defendants attach a complete copy of the Maricopa County Superior Court record as Exhibit A (Docket, Affidavit of Service, Summons, Complaint, FAC, Certificate of Compulsory Arbitration, and Civil Cover Sheet), and verifies that Exhibit A constitutes a true and complete copy of all pleadings and other documents filed in Maricopa County Superior Court in this matter.  *See* Declaration of Adam Reich, attached as Exhibit B hereto.  Defendants will file their answer or other responsive pleading in accordance with Rule 81(c).

**C.     Defendants Have Noticed Maricopa County Superior Court Clerk and Plaintiff**

Concurrent with the filing of this Notice, Defendants are serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Superior Court of Arizona, Maricopa County.

By filing the Notice of Removal in this matter, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defense and/or objections to which it may be entitled

**IV.     Conclusion**

Defendants respectfully requests this Court accept this Notice of Removal, assume jurisdiction of this case, and that all further proceedings be heard in this Court.

DATED this 7th day of May, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:     /s/*Adam Reich*
        Stephen M. Bressler
        Adam Reich
        *Attorneys for Ushio America, Inc. and Christopher Atkinson*

108011434.1

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of May, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy G. Tonkin, Esq.
Montana Thompson, Esq.
Phillips Law Group, P.C.
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012

s/ Patty Vejar

108011434.1