# EXHIBIT A

Timothy G. Tonkin, Esq. (#020709)
Montana Thompson, Esq. (#030567)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900, ext. 258
Facsimile:   (602) 900-0112
E-Mail:  montanat@phillipslaw.com
E-Mail:  minute_entries@phillipslaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

COREY LEASHORE, individually,

        Plaintiff,

v.

USHIO   AMERICA,   INC.   a   foreign
corporation;   CHRISTOPHER   ATKINSON,
an individual; JOHN DOES 1-5; JANE DOES
1-5;   BLACK   CORPORATIONS   1-5;   and
WHITE PARTNERSHIPS 1-5,

        Defendants.

Case No.:  CV2019-003020

**FIRST AMENDED COMPLAINT**

Tort – Motor Vehicle

      Corey Leashore (hereinafter "Plaintiff"), for his Complaint, alleges:

      1.     Plaintiff is and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

      2.     Upon information and belief, Ushio America, Inc., is a foreign corporation that is authorized to do business in Arizona or availed itself to Arizona jurisdiction by allowing one of its employees to operate a motor vehicle in Arizona.

      3.     Upon information and belief, Christopher Atkinson was a California resident at all material times herein.

1

4.      Defendants John and Jane Does 1-5, and Black Companies, White Partnerships 1-5 (hereinafter: "fictitious defendants") are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

5.      Upon belief, all fictitious Defendants were residents of the County of Maricopa, State of Arizona; and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to do business within the State of Arizona, and actually doing business therein on the date of the accident alleged herein.

6.      All acts and events alleged hereafter occurred within the County of Maricopa, State of Arizona.

7.      The minimum jurisdictional amount established for filing this action has been satisfied. This Court has jurisdiction and venue is proper.

## COUNT ONE: NEGLIGENCE

8.      Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

9.      On March 6, 2018, Plaintiff was traveling westbound on State Route 101 near milepost 26. At the same date and time, Defendant Christopher Atkinson was operating a Jeep headed the same direction as Plaintiff, in the lane next to Plaintiff. Defendant Christopher Atkinson attempted to change into the lane occupied by Plaintiff, without first ascertaining that the movement could be done safely. Defendant Atkinson's lane change caused Plaintiff's vehicle to crash into the median.

1      10.    Upon information and belief, Defendant Christopher Atkinson was in the course

2  and scope of his employment with Defendant Ushio America, Inc. at the time of the crash.

3      11.    As a result of Defendant's negligence, Plaintiff suffered injuries.

4               **COUNT TWO: NEGLIGENCE PER SE**

5      12.    Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth

6  herein.

7      13.    A.R.S. § 28-729 is a statute enacted for the safety of others on the roadway.

8      14.    Defendant Christopher Atkinson failed to first ascertain that a lane change could

9  be done safely in violation of A.R.S. § 28-729 and is negligent *per se*.

10      **COUNT THREE: NEGLIGENT ENTRUSTMENT/HIRING/RETENTION**

11      15.    Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth

12  herein.

13      16.    Upon information and belief, at the time of the collision Defendant Christopher

14  Atkinson was acting as an agent, servant or employee within the scope of his employment on

15  behalf of Defendant Ushio America, Inc.

16      17.    At the time of the collision, Defendant Ushio America, Inc., knew or should have

17  known that Defendant Christopher Atkinson was an inexperienced, reckless, and negligent

18  driver. Defendant Ushio America, Inc. should not have hired Defendant Christopher Atkinson

19  and/or should not have retained him and/or should have provided proper training and

20  supervision.

21      18.    Defendant Ushio America, Inc. knew or should have known that allowing a

22  negligent, reckless and/or inexperienced driver increases the risk of harm to others on the

23  roadway.

24

25

19.     Defendant Ushio America, Inc.'s negligent entrustment of its vehicle to Defendant Christopher Atkinson and/or Defendant Ushio's lack of training and/or supervision is(are) a direct and proximate cause of damages alleged herein.

## COUNT FOUR: VICARIOUS LIABILITY

20.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

21.     At all times material herein, Defendant Christopher Atkinson operated a motor vehicle while acting as an agent, servant, or employee within the scope of his employment on behalf of Defendant Ushio America, Inc.

22.     At all times material herein, Defendant Christopher Atkinson operated the motor vehicle immediately prior to the crash and said actions were on behalf of, or in furtherance of the business of Defendant Ushio America, Inc.

23.     At all times material herein, Defendant Christopher Atkinson intended that his conduct be perceived as and synonymous with Defendant Ushio America, Inc.

24.     Defendant Ushio America, Inc. is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Christopher Atkinson.

## COUNT FIVE:  RESPONDEAT SUPERIOR

25.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

26.     At all times relevant hereto, Defendant Christopher Atkinson was employed by, and was an agent, servant and/or employee of Defendant Ushio America, Inc.

27.     The above described acts of Defendant Christopher Atkinson were committed within the scope of his employment with Defendant Ushio America, Inc. in that they were committed while on duty and in furtherance of his employment/employer Defendant Ushio America, Inc.

4

28.     As Defendant Christopher Atkinson's employer, Defendant Ushio America, Inc. is responsible for all of the negligent acts committed by Defendant Christopher Atkinson within the scope of his employment.

### DAMAGES

29.     Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

30.     As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered severe and permanent injuries which caused him pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in the quality and enjoyment of life, all in an amount to be proven at trial.

31.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for medical care, and may incur expenses for future medical care, all in an amount to be proven at trial.

32.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for property damage and for driving to doctor appointments, and is entitled to compensation for his damaged property and for mileage driven to doctor appointments, all in an amount to be proven at trial.

33.     As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has or may have suffered lost earnings and may suffer future lost earnings and/or diminished earning capacity, all in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each other defendant named herein jointly and severally, as follows:

(a)     For Plaintiff's general and special damages;

(b)     For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries for future medical treatment expenses;

5

1      (c)    For Plaintiff's expenses for property damage and for driving to doctor

2              appointments;

3      (d)    For Plaintiff's past and future lost wages and loss of earning capacity;

4      (e)    For Plaintiff's costs incurred herein;

5      (f)    For interest at the highest legal rate on all damages and costs from the

6              time incurred on the date of such judgment, whichever is sooner, until

7              paid; and

8      (g)    For such other and further relief as the Court deems just and proper.

9                    **STATEMENT OF TIER VALUE**

10      Consistent with the factors and characteristics identified in the lawsuit above, this

11  matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil

12  Procedure, the damages sought in this case qualify it as a Tier 3 case.

13      **DATED** this 3rd day of May, 2019.

14

15                    **PHILLIPS LAW GROUP, P.C.**

16

17                By: */s/Montana Thompson*
                     Timothy G. Tonkin, Esq.

18                     Montana Thompson, Esq.
                     *Attorneys for Plaintiff*

19  Filed electronically this 3rd day of May
     With Maricopa County Superior Court

20  And emailed to:

21  Adam Reich, Esq.

22  **Lewis Roca Rothgerber Christie LLP**
     201 E Washington St. Suite 1200

23  Phoenix, AZ 85004
     AReich@lrrc.com

24

25  By: */s/ Dora Alcala*

1 | Timothy G. Tonkin (#020709)
Montana Thompson (#030567)
2 | **PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
3 | Phoenix, Arizona 85012
Telephone: (602) 258-8900
4 | Facsimile: (602) 900-0112
Email: timt@phillipslaw.com
5 | Email: montanat@phillipslaw.com
Email: minute_entries@phillipslaw.com
6 |
Attorneys for Plaintiff
7 |

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE MARICOPA COUNTY

CORE LEASHORE, Individually

    Plaintiff,

    vs.

USHIO AMERICA, INC., a foreign
corporation; JOHN DOES 1-5; JANE DOES 1-
5; BLACK CORPORATIONS 1-5; and WHITE
PARTNERSHIPS 1-5,

    Defendants.

Case No.   CV2019-003020

**NOTICE OF COMPLETION OF
SERVICE ON DEFENDANT USHIO
AMERICA, INC**

(Assigned to the Honorable Connie Contes)

    Plaintiff, by and through undersigned counsel, hereby does certify that all parties above-named have been served with the Summons, Complaint, Certificate of Compulsory Arbitration and Civil Coversheet. **(See Exhibit 1)**

    DATED this ~~23~~ day of April, 2019.


          **PHILLIPS LAW GROUP, P.C.**


          By _____
             Timothy G. Tonkin, Esq.
             Montana Thompson, Esq.
             *Attorneys for Plaintiff*

1

1   **ORIGINAL** e-Filed
    This 23 day of April, 2019 with/to:

2

3   Clerk of the Court
    Maricopa County Superior Court
4   201 West Jefferson St.
    Phoenix, AZ 85003

5

6   By: _____

7   Dora Alcala

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

| CERTIFICATE OF SERVICE | |
|---|---|
| **Attorney:**<br><br>Montana Thompson, Esq.<br>PHILLIPS LAW GROUP<br>3101 N. Central Ave.., #1500<br>Phoenix, Arizona 5012<br>(602) 258-8900 | **For Court Use Only** |
| **Plaintiff:** Corey Leashore<br>**Defendant:** USHIO America, Inc., a foreign corporation, et al.<br>**Case No.:** CV2019-003020 | |

- At the time of service I was at least 21 years of age and not a party to this action.

- **I served copies of the:** Complaint, Summons, Certificate of Compulsory Arbitration and Civil Coversheet

- **Party Served:** USHIO AMERICA, INC.

- **Person Served:** c/o CSC LAWYERS INCORPORATING SERVICE

- **Address where party was served:** 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

- **I served the party:**

  - **By personal service:** On APRIL 9, 2019 at 12:04 PM by leaving copies with or in the presence of:

  BECKY DEGEORGE, SERVICE ASSOCIATE

  - Person of suitable age and discretion, informed him or her of the general nature of the papers.

- **Service: $67.00, Notary Fee: $25.00: Total: $92.50**

- **Person Executing:**

  - Randall Walton

  - Sacramento CountyRegisitered Process Servver # 2015-13

1

- Sure Serve Process Servers

  8250 Calvine Road C331

  Sacramento, CA 95828

  (916) 996-4363

  Signature of Randall Walton

\* Please see attached CA
Acknowledgement form
for CA Notary Public. (RW)

2

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _California_ }

County of _Sacramento_ }

On _4-12-19_ before me, _Haley Van Wagner, Notary Public_
(Here insert name and title of the officer)

personally appeared _Randall Walton_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_(Notary Public Signature)_
Notary Public Signature                              (Notary Public Seal)

HALEY VAN WAGNER
COMM. # 2150037
NOTARY PUBLIC • CALIFORNIA
SACRAMENTO COUNTY
Comm. Expires APRIL 22, 2020

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_Certificate of Service_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _2_ Document Date _none_

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgement is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

COPY

APR 0 4 2019

CLERK OF THE SUPERIOR COURT
G. RAMIREZ
DEPUTY CLERK

In the Superior Court of the State of Arizona
In and For the County of Maricopa

Case Number **CV2019-003020**

Is Interpreter Needed? ☐  ☒ No

If yes, what language(s):

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney **Montana Thompson**

Attorney Bar Number **030567**

Plaintiff's Name(s): (List all)      Plaintiff's Address:           Phone #:           Email Address:

**Corey Leashore      C/o Phillips Law Group      (602) 258-8900**
                **3101 N. Central Ave #1500**
                **Phoenix, AZ 85012**
(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

**USHO America, Inc., a foreign corporation; John Doe Driver, an**
**individual; John Does 1-5; Jane Does 1-5; Black Corporations 1-5;**
**White Partnerships 1-5**
(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT:** Any case category that has an asterisk (*) MUST have a dollar amount claimed
or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier
to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____      ☐ Tier 1    ☐ Tier 2    ☒ Tier 3

### NATURE OF ACTION

Place an "X" next to the one case category that most accurately describes your primary case. Any
case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as
indicated above.

**100 TORT MOTOR VEHICLE:**

☒ 101 Non-Death/Personal Injury*         ☐ 102 Property Damage*
                        ☐ 103 Wrongful Death*

©Superior Court of Arizona in Maricopa County      Page 1 of 3           CV10f—010119
ALL RIGHTS RESERVED

Case No._____

**110 TORT NON-MOTOR VEHICLE:**

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____ *

**120 MEDICAL MALPRACTICE:**

- [ ] 121 Physician M.D.*      [ ] 123 Hospital*
- [ ] 122 Physician D.O.*      [ ] 124 Other*

**130 & 197 CONTRACTS:**

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

**150-199 OTHER CIVIL CASE TYPES:**

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property*
- [ ] Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

- [ ] Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*          ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition          _____

☐ 195(a) Amendment of Marriage License          (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

| | |
|---|---|
| 1 | Timothy G. Tonkin, Esq. (#020709)<br>Montana Thompson, Esq. (#030567)<br>**PHILLIPS LAW GROUP, P.C.** |
| 2 | 3101 N. Central Avenue, Suite 1500 |
| 3 | Phoenix, Arizona 85012<br>Telephone:   (602) 258-8900, ext. 258 |
| 4 | Facsimile:   (602) 900-0112<br>E-Mail: montanat@phillipslaw.com |
| 5 | E-Mail: minute_entries@phillipslaw.com |

COPY

APR 0 4 2019

CLERK OF THE SUPERIOR COURT
G. RAMIREZ
DEPUTY CLERK

6  *Attorneys for Plaintiffs*

7    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8       **IN AND FOR THE COUNTY OF MARICOPA**

9

| | |
|---|---|
| 10 | COREY LEASHORE, individually, |
| 11 | Plaintiff, |
| 12 | v. |
| 13 | USHIO  AMERICA,  INC,  a  foreign<br>corporation;  JOHN  DOE  DRIVER,  an |
| 14 | individual; JOHN DOES 1-5; JANE DOES 1-<br>5;  BLACK  CORPORATIONS  1-5;  and |
| 15 | WHITE PARTNERSHIPS 1-5, |
| 16 | Defendants. |

Case No.:  CV2019-003020

**COMPLAINT**

Tort – Motor Vehicle

17   Corey Leashore (hereinafter "Plaintiff"), for his Complaint, alleges:

18        1.    Plaintiff is and was at all times material herein, a resident of the County of

19  Maricopa, State of Arizona.

20        2.    Upon information and belief, Ushio America, Inc., is a foreign corporation that is

21  authorized to do business in Arizona or availed itself to Arizona jurisdiction by allowing one of

22  its employees to operate a motor vehicle in Arizona.

23        3.    Plaintiff is unaware of John Doe Driver's residence at this time.

24        4.    Defendants John and Jane Does 1-5, and Black Companies, White Partnerships

25  1-5 (hereinafter: "fictitious defendants") are those persons and entities whose relationships to

1

1  the named Defendants or whose acts or omissions give rise to legal responsibility for the

2  damages incurred by Plaintiff, but whose true identities are at present time unknown to

3  Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as

4  Defendants if and when additional investigation or discovery reveals the appropriateness of

5  such joinder.

6       5.    Upon belief, all fictitious Defendants were residents of the County of Maricopa,

7  State of Arizona; and/or were organized and existing under the laws of Arizona and doing

8  business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to

9  do business within the State of Arizona, and actually doing business therein on the date of the

10 accident alleged herein.

11      6.    All acts and events alleged hereafter occurred within the County of Maricopa,

12 State of Arizona.

13      7.    The minimum jurisdictional amount established for filing this action has been

14 satisfied. This Court has jurisdiction and venue is proper.

15                                 **COUNT ONE: NEGLIGENCE**

16      8.    Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth

17 herein.

18      9.    On March 6, 2018, Plaintiff was traveling westbound on state route 101 near

19 milepost 26. At the same date and time, Defendant John Doe Driver was operating a Jeep

20 (possible California license plate number: 8BQK148) headed the same direction as Plaintiff, in

21 the lane next to Plaintiff. Defendant John Doe Driver attempted to change into the lane

22 occupied by Plaintiff, without first ascertaining that the movement could be done safely.

23 Defendant's lane change caused a crash with Plaintiff's vehicle. Defendant fled the scene

24 without speaking to Plaintiff, witnesses, or the police.

25

10. Upon information and belief, Defendant John Doe Driver was in the course and scope of his employment with Defendant Ushio America, Inc. at the time of the crash.

11. As a result of Defendant's negligence, Plaintiff suffered injuries.

### COUNT TWO: NEGLIGENCE PER SE

12. Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

13. A.R.S. § 28-729 is a statute enacted for the safety of others on the roadway.

14. Defendant John Doe Driver failed to first ascertain that a lane change could be done safely in violation of A.R.S. § 28-729 and is negligent *per se*.

### COUNT THREE: NEGLIGENT ENTRUSTMENT/HIRING/RETENTION

15. Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

16. At the time of the collision, Defendant John Doe Driver was acting as an agent, servant or employee within the scope of his employment on behalf of Defendant Ushio America, Inc.

17. At the time of the collision, Defendant Ushio America, Inc., knew or should have known that Defendant John Doe Driver was an inexperienced, reckless, and negligent driver. Defendant Ushio America, Inc. should not have hired Defendant John Doe Driver and/or should not have retained him and/or should have provided proper training.

18. Defendant Ushio America, Inc. knew or should have known that allowing a negligent, reckless and/or inexperienced driver increases the risk of harm to others on the roadway.

19. Defendant Ushio America, Inc.'s negligent entrustment of its vehicle to Defendant John Doe Driver is a direct and proximate cause of damages alleged herein.

3

## COUNT FOUR:  VICARIOUS LIABILITY

20.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

21.     At all times material herein, Defendant John Doe Driver operated a motor vehicle while acting as an agent, servant, or employee within the scope of his employment on behalf of Defendant Ushio America, Inc.

22.     At all times material herein, Defendant John Doe Driver operated the motor vehicle immediately prior to the crash and said actions were on behalf of, or in furtherance of the business of Defendant Ushio America, Inc.

23.     At all times material herein, Defendant John Doe Driver intended that his conduct be perceived as and synonymous with Defendant Ushio America, Inc.

24.     Defendant Ushio America, Inc. is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant John Doe Driver.

## COUNT FIVE:  RESPONDEAT SUPERIOR

25.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

26.     At all times relevant hereto, Defendant John Doe Driver was employed by, and was an agent, servant and/or employee of Defendant Ushio America, Inc.

27.     The above described acts of Defendant John Doe Driver were committed within the scope of his employment with Defendant Ushio America, Inc. in that they were committed while on duty and in furtherance of his employment/employer Defendant Ushio America, Inc.

28.     As Defendant John Doe Driver's employer, Defendant Ushio America, Inc. is responsible for all of the negligent acts committed by Defendant John Doe Driver within the scope of his employment.

4

## DAMAGES

29.     Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

30.     As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered severe injuries which caused him pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in the quality and enjoyment of life, all in an amount to be proven at trial.

31.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for medical care, and may incur expenses for future medical care, all in an amount to be proven at trial.

32.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for property damage and for driving to doctor appointments, and is entitled to compensation for his damaged property and for mileage driven to doctor appointments, all in an amount to be proven at trial.

33.     As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has or may have suffered lost earnings and may suffer future lost earnings and/or diminished earning capacity, all in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each other defendant named herein jointly and severally, as follows:

    (a)     For Plaintiff's general and special damages;

    (b)     For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries for future medical treatment expenses;

    (c)     For Plaintiff's expenses for property damage and for driving to doctor appointments;

    (d)     For Plaintiff's past and future lost wages and loss of earning capacity;

1  (e) For Plaintiff's costs incurred herein;

2  (f) For interest at the highest legal rate on all damages and costs from the

3     time incurred on the date of such judgment, whichever is sooner, until

4     paid; and

5  (g) For such other and further relief as the Court deems just and proper.

6     <u>STATEMENT OF TIER VALUE</u>

7   Consistent with the factors and characteristics identified in the lawsuit above, this

8 matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil

9 Procedure, the damages sought in this case qualify it as a Tier 3 case.

10  **DATED** this 4th day of April, 2019.

11

12      **PHILLIPS LAW GROUP, P.C.**

13

14

15  By:_____

       Timothy G. Tonkin, Esq.

16      Montana Thompson, Esq.

       *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

COPY



APR 0 4 2019

CLERK OF THE SUPERIOR COURT
G. RAMIREZ
DEPUTY CLERK

1   Timothy G. Tonkin, Esq. (#020709)
    Montana Thompson, Esq. (#030567)
2   **PHILLIPS LAW GROUP, P.C.**
    3101 N. Central Avenue, Suite 1500
3   Phoenix, Arizona 85012
    Telephone:   (602) 258-8900, ext. 258
4   Facsimile:   (602) 900-0112
    E-Mail: montanat@phillipslaw.com
5   E-Mail: minute_entries@phillipslaw.com

6   *Attorneys for Plaintiffs*

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                  IN AND FOR THE COUNTY OF MARICOPA

9
10  COREY LEASHORE, individually,          CV2019-003020

11             Plaintiff,                   Case No.:

12  v.                                      **CERTIFICATE OF COMPULSORY
                                            ARBITRATION**
13  USHIO   AMERICA,   INC.  a   foreign
    corporation;  JOHN  DOE  DRIVER,   an
14  individual; JOHN DOES 1-5; JANE DOES 1-
    5;  BLACK  CORPORATIONS  1-5;  and
15  WHITE PARTNERSHIPS 1-5,

16             Defendants.

17          The undersigned certifies that he knows the dollar limits and any other limitations set

18  forth by the local rules of practice for the applicable superior court, and further certifies that

19  this case **IS NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the

20  Arizona Rules of Civil Procedure.

21  ..//..

22  ..//..

23  ..//..

24  ..//..

25

                                            1

DATED this 4th day of April, 2019.

PHILLIPS LAW GROUP, P.C.

By: _____
Timothy G. Tonkin, Esq.
Montana Thompson, Esq.
*Attorneys for Plaintiff*

Timothy G. Tonkin, Esq. (#020709)
Montana Thompson, Esq. (#030567)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900, ext. 258
Facsimile:    (602) 900-0112
E-Mail: montanat@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com



*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| COREY LEASHORE, individually, | Case No.: |
| Plaintiff, | **SUMMONS** |
| v. | Tort – Motor Vehicle |
| USHIO AMERICA, INC. a foreign corporation; JOHN DOE DRIVER, an individual; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

STATE OF ARIZONA TO THE DEFENDANTS:

### USHIO AMERICA, INC.

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

1

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an answer or other proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or other response upon the plaintiff's attorney.

The name and address of the plaintiff's attorney is:

Timothy G. Tonkin, Esq.
Montana Thompson, Esq.
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012

**ADA Notification**
**(Notification de la Ley sobre Estadounidenses con Discapacidades)**

Requests for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

Las partes deberan presentar a la corte las solicitudes para acomodar de manera razonable a personas con discapacidades por lo menos tres (3) dias habiles antes de un procedimiento judicial regular.

**Interpreter Notification**
**(Notification de Interprete)**

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

Las solicitudes de interprete para personas con dominio limitado del idioma ingles deben hacerse a la oficina del juez o comisionado asignado al caso por las partes por lo menoz diez (10) judiciales antes de un procedimiento judicial regular.

SIGNED AND SEALED:     APR 04 2019

CHRIS ROSE
Clerk of the Superior Court

JEFF FINE, CLERK

By _____
Deputy Clerk

G. Ramirez